CHRISTOPHER K. PELHAM (Bar No. 241068)
PHILLIP R. DI TULIO (Bar No. 324267)
**NORTON ROSE FULBRIGHT US LLP** 555
South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9221
Facsimile:   (213) 892-9494
christopher.pelham@nortonrosefulbright.com
phillip.ditullio@nortonrosefulbright.com

JEFFREY A. WEBB
(*Pro Hac Vice* forthcoming)
MICHAEL W. O'DONNELL
(*Pro Hac Vice* forthcoming)
**NORTON ROSE FULBRIGHT US LLP** 111
W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Attorneys for Defendant
RACKSPACE TECHNOLOGY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LINDEMANN LAW, APC; and ROES 1 through 100, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>RACKSPACE TECHNOLOGY, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Case No. 2:23-cv-00258<br><br>**DEFENDANT RACKSPACE TECHNOLOGY, INC.'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(a)(1), 1441(b), and 1446, Defendant Rackspace Technology, Inc. [1] ("**Rackspace**" or "**Defendant**") hereby removes this action, entitled *Lindemann Law, APC v. Rackspace Technology, Inc.*, Case No. 22STCV38451 (the "**State Court Action**"), from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. In support of this Notice of Removal, Rackspace respectfully states as follows:

## I. PROCEDURAL BACKGROUND

1. On December 9, 2020, Plaintiffs Lindemann Law, APC and Blake J. Lindemann (together, "**Plaintiffs**") filed the State Court Action against Rackspace.[2] In accordance with 28 U.S.C. section 1446(a), true and correct copies of the Complaint filed in the State Court Action, along with all process, pleadings, and orders served upon Rackspace in the State Court Action, are attached as Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 to this Notice of Removal.

2. Plaintiffs allege 15 causes of action against Rackspace. *See* Ex. 2. ("**Compl.**"). Specifically, Plaintiffs assert claims for: intrusion upon seclusion;

---

[1] This Notice is subject to and without waiver of Defendant's argument that Rackspace Technology, Inc. has been erroneously named as a defendant in this action. The Rackspace entity that provided the services that are the subject of the lawsuit is Rackspace US, Inc.

[2] By including Blake J. Lindemann within its definition of "Plaintiffs," Rackspace does not in any way concede that Blake J. Lindemann is a proper party. Rather, Rackspace maintains that Lindemann Law, APC, as the customer, is the only

violation of the right to privacy guaranteed by the California Constitution; violation of the California Confidentiality of Medical Information Act; violation of the California Unfair Competition Law; violation of the California Customer Records Act; violation of the California Information Practices Act; breach of confidentiality; invasion of privacy; constructive fraud; breach of implied contract; unjust enrichment; negligence, gross negligence, and negligence per se; and violation of the California Consumer Privacy Act.  *See generally id.*

3. Plaintiffs request injunctive relief and declaratory relief that, among other things, restores and returns their data to them, prohibits certain alleged conduct by Rackspace, and requires Rackspace to implement various data security measures. *See id.* at 30–31.  Additionally, Plaintiffs seek: "an award of compensatory, consequential, and general damages, including nominal damages . . . in an amount to be determined but no more than $70,000 (until more information is known about the extent of the 'security incident')"; "an award of statutory damages and punitive damages, . . . collectively, of no more than $70,000"; restitution or disgorgement of amounts paid to Rackspace; attorneys' fees, costs, and litigation expenses; and pre-judgment interest.  *See id.*

---

proper party with standing, and Blake J. Lindemann—the administrator of Lindemann Law's account—is not.

## II. GROUNDS FOR REMOVAL

4. In accordance with 28 U.S.C. section 1446(a), this notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1), which permits the removal of an action to federal court where complete diversity of citizenship exists between the parties and the amount placed in controversy by the plaintiff's state-court complaint is at least $75,000. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), 1446(c)(2). Both of those elements exist here.

### A. *Diversity of Citizenship*

5. The parties are completely diverse. Plaintiffs are citizens and residents of California. *See* Compl. ¶¶ 5–6. Specifically, Plaintiff Blake J. Lindemann is an individual who claims to be a California citizen. *Id.* ¶ 6. Plaintiff Lindemann Law alleges that it is a California professional corporation. *Id.* ¶ 5.

6. In determining the citizenship of a professional corporation, courts within the Central District of California treat professional corporations "like other corporations." *See, e.g.*, *Mueller v. Clarke*, No. 20-01401, 2020 WL 5759122, at *2 (C.D. Cal. Sept. 28, 2020) (quoting *Hamil v. DePuy Orthopaedics, Inc.*, No. CV 13-4286, 2013 WL 3071170, at *1 (C.D. Cal. June 18, 2013)). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place

of business. *See* 28 U.S.C. § 1332(c)(1). Lindemann Law does not allege that its principal place of business is located elsewhere.[3] Thus, both Plaintiffs are citizens of California.

7. Defendant Rackspace is, and was at the time this action was filed, a Delaware corporation with its headquarters located in Texas. For purposes of diversity jurisdiction, a corporation's principal place of business, or "nerve center," is "usually its main headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018). Rackspace is incorporated under Delaware law, and its headquarters is located in San Antonio, Texas.[4] Accordingly, Rackspace is a citizen of Delaware and Texas.

8. Finally, while the Complaint includes various fictitious defendants, the citizenship of those defendants is disregarded for purposes of the diversity analysis. *See* 28 U.S.C. § 1441(b)(1). Because Plaintiffs are citizens of the State of California and Rackspace is a citizen of Delaware and Texas, the parties are completely diverse.

---

[3] Lindemann Law's principal address on file with the Secretary of State is in Beverly Hills, California. *See* https://bizfileonline.sos.ca.gov/search/business (search "3706623" in the search bar).

[4] The same is true for Rackspace US, Inc. *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (enter "4377687" in "File Number" field). In addition to being a Delaware corporation, Rackspace US, Inc. is headquartered in San Antonio, Texas.

B.  *Amount in Controversy*

9.  To establish diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Where, as here, "a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 999 (C.D. Cal. 2021) (quoting *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012)).

10. Here, Plaintiffs seek "an award of compensatory, consequential, and general damages, including nominal damages, . . . in an amount to be determined but no more than $70,000 (until more information is known about the extent of the 'security incident')." Compl. at 31–32. Additionally, Plaintiffs seek "an award of statutory damages and punitive damages, . . . collectively, of no more than $70,000." *Id.* at 32. Thus, according to the face of Plaintiffs' own Complaint, the amount in controversy is at least $140,000. *See Cal. Spine & Neurosurgery Inst. v. Health Care*

*Serv. Corp.*, No. CV 19-04506, 2019 WL 3219136, at *1–2 (C.D. Cal. July 16, 2019) (determining it was facially apparent that plaintiff sought more than $75,000 where plaintiff sought "at least $66,611.85 in connection with" multiple causes of action, "$91,500 in connection with" two causes of action, and "attorneys' fees, punitive damages, and up to an additional $74,999 in 'other relief'").

11. Moreover, while Plaintiffs frame these damages amounts as caps, that does not preclude this Court from using them to determine the amount in controversy. *See McDaniel v. L Brands, Inc.*, No. 2:16-cv-04289, 2016 WL 6126257, at *3 (C.D. Cal. Oct. 20, 2016) (concluding that where complaint sought damages "not to exceed two million dollars per [p]laintiff," this "suffice[d] as a statement of the amount in controversy upon which Defendants [could] rely in properly removing the action to federal court"). Even if Plaintiffs were to argue that all damages must be capped at $70,000, their requested injunctive relief easily exceeds $5,000. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (noting that "the cost of complying with an injunction" may be considered as part of the amount in controversy). It is therefore apparent from the face of the Complaint that the amount in controversy exceeds $75,000.

12. To the extent that Plaintiffs argue the amount in controversy is not met because their individual claims do not exceed $75,000, such an argument fails. It is true that, under the "anti-aggregation rule," "multiple plaintiffs who assert separate

and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). But in assessing the amount in controversy, Rackspace has not aggregated smaller, individual claims. Rather, it relies on the Plaintiffs' fifteen causes of action—each of which is asserted on behalf of all Plaintiffs—and requests for relief, with such relief including:

> damages, as allowed by law in an amount to be determined but no more than $70,000 (until more information is known about the extent of the "security incident");
>
> 3) For an award of statutory damages and punitive damages, as allowed by law in an amount to be determined, but such damages collectively, of no more than $70,000;
>
> 4) For an award of restitution or disgorgement of amounts paid to Rackspace, in an amount to be determined;
>
> 5) For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;
>
> 6) For prejudgment interest on all amounts awarded; and
>
> 7) Such other and further relief as the Court may deem just and proper.

Compl. at 32.

13. Because Plaintiffs and Rackspace are completely diverse, and because Plaintiffs' state court Complaint seeks more than $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). Removal is appropriate.

## III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

14. This Notice of Removal is timely as Rackspace is filing it within thirty (30) days of its receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(1); *see also* Ex. 15. The Complaint was filed on December 9, 2022, and first served on Rackspace's agent on December 15, 2022. *See* Ex. 15.

15. In accordance with 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders served upon Rackspace in the State Court Action are being filed with the Court contemporaneously with this Notice of Removal, as Exhibits 1-15. Rackspace has not filed its responsive pleading in the State Court Action, but it will do so in this federal court action in compliance with the Federal Rules of Civil Procedure. *See, e.g.*, FED. R. CIV. P. 81(c)(2)(C).

16. Pursuant to 28 U.S.C. section 1446(d), Rackspace is providing written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and its exhibits, to Plaintiffs' counsel of record and the Clerk of the Superior Court of the State of California, County of Los Angeles.

17. By filing this Notice of Removal, Rackspace reserves all rights and does not waive any defenses available to it at law, in equity, or otherwise. Finally, the undersigned counsel for Rackspace signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

## IV. CONCLUSION AND PRAYER

WHEREFORE, Rackspace respectfully requests that the above-referenced civil action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed to this Honorable Court.

Dated: January 13, 2023

**NORTON ROSE FULBRIGHT US LLP**
CHRISTOPHER K. PELHAM
PHILLIP DI TULLIO
JEFFREY A. WEBB
(*PRO HAC VICE* FORTHCOMING)
MICHAEL W. O'DONNELL
(*PRO HAC VICE* FORTHCOMING)


By: /s/ Phillip R. Di Tullio
PHILLIP R. DI TULLIO
Attorneys for Defendant
RACKSPACE TECHNOLOGY, INC.